AARON D. FORD, Esq. NSBN 7704
aford@swlaw.com
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702-784-5265
Facsimile:  702-784-5252

JONATHAN M. JACOBSON, Esq. (admitted *pro hac vice*)
jjacobson@wsgr.com
MICHAEL B. LEVIN, Esq. (admitted *pro hac vice*)
mlevin@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Non-Parties
Seth Ravin and Rimini Street, Inc.

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC, a Colorado Corporation, *et. al.*, | ) CASE NO.: 2:09-CV-01591 KJD (GWF) ) |
| Plaintiffs, | ) Pending in CASE NO.: 07-CV-01658 PJH ) (EDL) (N.D. Cal.) |
| vs. | ) **DECLARATION OF MICHAEL B.** |
| SAP AG, a German corporation, *et. al.*, | ) **LEVIN IN SUPPORT OF NON-PARTY** ) **SETH RAVIN'S AND NON-PARTY** |
| Defendants. | ) **RIMINI STREET'S OPPOSITION TO** ) **ORACLE'S MOTION TO COMPEL** ) **SETH RAVIN TO ANSWER** ) **DEPOSITION QUESTIONS AND TO** ) **COMPEL RIMINI STREET TO** ) **PRODUCE DOCUMENTS** ) |
| | ) Hrg Date:   October 6, 2009, 9:30 a.m. ) Before:     Honorable George W. Foley, Jr. ) Courtroom: 3A |

I, Michael B. Levin, declare as follows:

1.     I am an attorney duly licensed to practice in the State of California, and admitted *pro hac vice* in the District of Nevada for purposes of this matter.  I am a partner with the law firm of Wilson Sonsini Goodrich & Rosati, counsel for non-parties Rimini Street, Inc and Seth Ravin.  I have personal knowledge of the matters set forth herein, and, if called as a witness, I could and would testify competently thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of unredacted excerpts of Oracle USA Inc.'s ("Oracle") Letter to the Hon. Charles A Legge (Ret.) in support of Oracle's Opposition to SAP AG's ("SAP") Motion to Compel, dated February 7, 2008, located among the publicly filed pleadings in the Oracle v. SAP litigation (Case No. 04:07-cv-01658-PJH (EDL) (N.D. Cal.) (the "SAP Litigation").  As far as I am aware, the complete unredacted copy of this letter is not publicly available.

3.     Attached hereto as Exhibit B is a true and correct copy of a letter from Geoffrey M. Howard (outside counsel for Oracle) to myself, dated September 1, 2009.

4.     Attached hereto as Exhibit C is a true and correct copy of a PC World article by Chris Kanaracus, located online at http://www.pcworld.com/businesscenter/article/170925/oracle_demands_information_from_rimini_street.html, dated August 27, 2009 and last checked September 11, 2009.

5.     Attached hereto as Exhibit D is a true and correct copy of a CIO article by Thomas Wailgum, at http://advice.cio.com/thomas_wailgum/oracle_bingham_mccutchen_litigating_the_competition_into_submission_since_2003, dated August 28, 2009 and last checked September 11, 2009.

6.     Attached hereto as Exhibit E is a true and correct copy of a SAP News Blog, at http://newsonsap.blogspot.com/, dated May 1, 2007 and last checked September 11, 2009.

7.     Attached hereto as Exhibit F is a true and correct copy of an article entitled "Between the Lines" by Larry Dignan, at http://blogs.zdnet.com/BTL/?p=9388, dated July 21, 2008 and last checked September 11, 2009.

1    8.    Attached hereto as Exhibit G is a true and correct copy of the Declaration of

2    Joshua L. Fuchs in support of Defendants' Opposition to Plaintiffs' Motion to Amend

3    Complaint, dated August 31, 2009, publicly filed in the SAP Litigation.

4    9.    Attached hereto as Exhibit H is a true and correct copy of a letter from Lucia

5    MacDonald (outside counsel for Oracle) attaching a Subpoena to Seth Ravin in the SAP

6    Litigation, dated February 9, 2009.

7    10.    Attached hereto as Exhibit I is a true and correct copy of the Subpoena served on

8    Beth Lester by Oracle in the SAP Litigation, dated February 2, 2009.

9    11.    Attached hereto as Exhibit J is a true and correct copy of the Subpoena served on

10   George Lester by Oracle on the SAP Litigation, dated February 2, 2009.

11   12.    Attached hereto as Exhibit K is a true and correct copy of Seth Ravin's Objections

12   to the Oracle Subpoena, dated February 13, 2009.

13   13.    Attached hereto as Exhibit L is a true and correct copy of a letter from myself to

14   Geoffrey M. Howard, dated February 18, 2009.

15   14.    Attached hereto as Exhibit M is a true and correct copy of Rimini Street's

16   Objections to the Subpoena served by Oracle, dated May 29, 2009.

17   15.    Attached hereto as Exhibit N is a true and correct copy of an email from Scott

18   Cowan (outside counsel for SAP) to Geoffrey M. Howard and Michael B. Levin (with Courtney

19   Scobie and Greg Lanier carbon-copied), dated on September 2, 2009.

20   16.    Attached hereto as Exhibit O is a true and correct copy of an email from Scott

21   Cowan (outside counsel for SAP) to Geoffrey M. Howard and Michael B. Levin (with Courtney

22   Scobie and Greg Lanier carbon-copied), dated on September 4, 2009.

23   17.    Attached hereto as Exhibit P is a true and correct copy of a letter from myself to

24   Geoffrey M. Howard, dated August 28, 2009.

25   18.    Attached hereto as Exhibit R is a true and correct copy of Hon. Charles A Legge's

26   (Ret.) Report & Recommendation (Docket #66) regarding SAP's Motion to Compel Discovery,

27   dated March 14, 2008.

28

19.     Attached hereto as Exhibit S is a true and correct copy of excerpts of the transcript of a discovery conference in the SAP Litigation before the Hon. Elizabeth D. Laporte, dated March 31, 2009.

20.     Attached hereto as Exhibit T is a true and correct copy of the order following the March 31, 2009 discovery conference before the Hon. Elizabeth D. Laporte, dated April 2, 2009.

21.     Attached hereto as Exhibit U is a true and correct copy of the transcript of the conference before the Hon. Elizabeth D. Laporte (Docket #276), dated February 10, 2009.

22.     Attached hereto as Exhibit V is a true and correct copy of the order following the February 10, 2009 conference before the Hon. Elizabeth D. Laporte (Docket #272), dated April 2, 2009.

23.     Attached hereto as Exhibit W is a true and correct copy of Oracle's Opposition to Defendants' Motion to Compel Discovery Concerning Third Party Support Provided by Oracle's Partners (Docket #253), dated January 23, 2009.

24.     Attached hereto as Exhibit X is a true and correct copy of the Wikipedia definition of "Business Model" at http://en.wikipedia.org/wiki/Business_model, last checked September 11, 2009.

25.     Attached hereto as Exhibit Y is a true and correct copy of the Dictionary.com definition of "business model" at http://dictionary.reference.com/browse/business+model?r=66, last checked September 11, 2009.

26.     Attached hereto as Exhibit Z are true and correct copies of excerpts of the deposition transcript of Seth Ravin, dated May 21, 2009, taken in the SAP Litigation.

27.     Attached hereto as Exhibit AA is a true and correct copy of an excerpt from an email from Geoffrey M. Howard to myself (with Jonathan Jacobson carbon-copied), responding to an email from myself to Geoffrey Howard, dated May 27, 2009.  Earlier emails in the email chain were redacted from the email, as they are not germane.

28.     Attached hereto as Exhibit BB is a true and correct copy of excerpts from the SEC 10-K filing of Oracle Corporation for the fiscal year ending March 31, 2009, dated June 29, 2009.

29.    I began working on this matter in early 2009, after Oracle had begun demanding that Rimini Street voluntarily provide confidential information regarding Rimini Street's proprietary processes, including agreeing to an audit, for the apparent purpose of determining whether or not Rimini Street infringed Oracle's intellectual property rights.  Following correspondence on this subject, counsel for Oracle and counsel for Rimini Street engaged in a teleconference on February 2, 2009, during which time Oracle repeated its demands.  No agreement was reached during that call, and Oracle has not since resumed any dialogue with Rimini Street's counsel on the subject of that call.  Instead, Oracle's counsel served subpoenas on Rimini Street's Seth Ravin, Beth Lester and George Lester shortly after the call.

30.    After receiving Oracle's subpoenas, counsel for the witnesses and counsel for Oracle engaged in a meet and confer.  During those discussions, as counsel for Seth Ravin and Beth and George Lester, I objected to providing any information concerning Rimini Street.  At the time, counsel for Oracle agreed that these witnesses would not have to produce any Rimini Street documents.

31.    During the deposition of Seth Ravin (which lasted for approximately seven hours), counsel for Ravin objected that a number of these questions were being improperly interposed as attempts to obtain pre-litigation discovery, improper inquiries into competitive trade secrets, and that the information sought was wholly irrelevant to the SAP Litigation.

32.    The protective order between Oracle and SAP in the SAP Litigation (*see* Oracle's Motion to Compel ("Motion"), Russell Declaration, Exhibit N) allows the parties in that action to designate two in-house counsel as those who may review information designated as "Highly Confidential Information."  *See* Russell Decl., Exhibit N at 5, ¶ 9.  One of those attorneys is Dorian Daley, Oracle's General Counsel.  I also understand that Jennifer Gloss, an in-house litigation attorney at Oracle, is currently the other in-house attorney from Oracle entitled to see "Highly Confidential Information" under the protective order.  Ms. Gloss was involved in the February 2, 2009 discussions between counsel for Oracle and counsel for Rimini Street during which Oracle made threats relating to a potential copyright infringement action against Rimini Street.

33.     Allowing in-house counsel for Oracle access to have Rimini Street's "Confidential" and "Highly Confidential" Information would not only expose confidential, proprietary, and trade secret information of Rimini Street to a competitor, but could also potentially lead to the misuse of these materials by Oracle outside of the context of the dispute between Oracle and SAP.

34.     During meet and confers between Oracle and Rimini Street, Rimini Street proposed that Oracle agree that its in-house attorneys be precluded from reviewing any confidential information from Rimini Street.  Oracle refused.

35.     During the course of these same meet confers between Oracle and Rimini Street, Oracle never cited any legal authority that suggested the legality and relevancy of a non-party's products and intimate details about its business model to a lost profits damages claim in underlying copyright litigation.  The only authority cited by Oracle dealt with lost profit damages due to the *defendants*' alleged infringement, not a non-party's alleged infringement.

36.     As non-parties to the underlying litigation between Oracle and SAP, Rimini Street and Seth Ravin do not have access to materials designated under the protective order or even non-confidential discovery information that has not been publicly filed by the parties.

37.     Rimini Street has signed on to the protective order between Oracle and SAP for purposes of allowing Rimini Street to look at confidential information the parties choose to share with Rimini Street.

38.     In its Motion to Compel, counsel for Oracle submitted redacted and incomplete documents and confidential materials, choosing to rely on certain portions in support of its arguments, notwithstanding the fact Rimini Street signed on to the protective order.

39.     As a matter of fairness, in order to properly evaluate and contest Oracle's positions and have the same access to information used in support of Oracle's Motion to Compel, counsel for Rimini Street requested that Oracle provide all of the redacted information and complete documents cited as exhibits in its Motion to Compel.  *See* Exhibit P.

40.     Oracle responded to the request with a host of objections, refusing to turn over complete documents or even inform Rimini Street of what documents are publicly available.  *See* Exhibit B.

41.     Notwithstanding Oracle's unwillingness to respond to Rimini Street's request, Rimini Street was able to locate a redacted copy of a letter it sought from Oracle among the more than four-hundred (400) pleadings filed in the underlying litigation.  *See* Exhibit A.

42.     On September 4, 2009, I participated in a meet and confer with counsel for Oracle and SAP to discuss the Motion to Compel.  Counsel for SAP initiated the meet and confer on September 2, 2009.  *See* Exhibit N.

43.     During the meet and confer, counsel for SAP stated that Oracle had "mischaracterized" SAP in its Motion to Compel, including but not limited to at pages 4 and 7 of the Motion.

44.     Specifically, counsel for SAP informed counsel for Oracle that SAP does not believe that the discovery now sought by Oracle in its Motion to Compel related to Rimini Street's business model is relevant to SAP's position on damages.  Counsel for SAP explained that SAP's prior statements quoted by Oracle in the Motion to Compel were not intended to be an inquiry into the legality of or technical details concerning third party support providers, but merely an indication that SAP was seeking information concerning whether third parties offered the services required to meet the demand met by TomorrowNow.

45.     SAP also stated that it does not wish to have "a trial within a trial" to address whether Rimini Street allegedly infringed Oracle's intellectual property.

///

///

DECL. OF MICHAEL B. LEVIN  ISO OPPOSITION
TO MOTION TO COMPEL
2:09-CV-01591 KJD (GWF)

- 7 -

3780845_1.DOC

1

2          46.      During this same meet and confer, I asked counsel for Oracle in light of SAP's

3    position that the information sought is not relevant and in light of Oracle's insistence that Oracle

4    does not believe the information sought is relevant, whether Oracle would withdraw its requests.

5    *See supra* Exhibits A, B.  Oracle refused.

6

7          I declare under penalty of perjury that the foregoing is true and correct.  Executed this

8    14th day of September, 2009 in Palo Alto, California.

9

10                                   WILSON SONSINI GOODRICH & ROSATI
                                     Professional Corporation
11

12                                   By: /s/ Michael B. Levin
13                                        Michael B. Levin

14                                   Attorneys for Non-Parties
                                     Rimini Street, Inc. and Seth Ravin
15

16

17

18

19

20

21

22

23

24

25

26

27

28

AARON D. FORD, Esq. NSBN 7704
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  (702) 784-5265
Facsimile:   (702) 784-5252
Email: aford@swlaw.com

JONATHAN M. JACOBSON, Esq. (admitted *pro hac vice*)
MICHAEL B. LEVIN, Esq. (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email: jjacobson@wsgr.com; mlevin@wsgr.com

Attorneys for Non-Parties
SETH RAVIN AND RIMINI STREET INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC, a Colorado Corporation, *et. al.*,<br><br>          Plaintiffs,<br><br>vs.<br><br>SAP AG, a German corporation, *et. al.*,<br><br>          Defendants.<br>_____ | ) CASE NO.: 2:09-CV-01591 KJD (GWF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I am an employee at Wilson Sonsini Goodrich & Rosati.  I certify that I served a copy of

the foregoing on the 14th day of September 2009 via electronic service through the United States

District Court for the District of Nevada's ECF System upon each party in the case who is

registered as an electronic case filing user with the Clerk.

/s/  Michael B. Levin