1  AARON D. FORD, Esq. NSBN 7704
   aford@swlaw.com
2  SNELL & WILMER LLP
   3883 Howard Hughes Parkway, Suite 1100
3  Las Vegas, Nevada 89169
   Telephone:  (702) 784-5265
4  Facsimile:   (702) 784-5252

5  JONATHAN M. JACOBSON, Esq. (admitted *pro hac vice*)
   jjacobson@wsgr.com
6  MICHAEL B. LEVIN, Esq. (admitted *pro hac vice*)
   mlevin@wsgr.com
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  650 Page Mill Road
   Palo Alto, CA 94304-1050
9  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100

10
   Attorneys for Non-Parties
11 SETH RAVIN AND RIMINI STREET, INC.

12                    UNITED STATES DISTRICT COURT

13                        DISTRICT OF NEVADA

14
   ORACLE USA, INC, a Colorado          )
15 Corporation, *et. al.*,                )   CASE NO.: 2:09-CV-01591 KJD (GWF)
                                        )
16              Plaintiffs,              )   Pending in CASE NO.: 07-CV-01658 PJH (EDL)
                                        )   (N.D. Cal.)
17 vs.                                   )
                                        )   **NON-PARTY SETH RAVIN'S AND NON-**
18 SAP AG, a German corporation, *et. al.*, )   **PARTY RIMINI STREET'S MOTION FOR**
                                        )   **PERMISSION TO FILE UNDER SEAL AND**
19              Defendants.              )   ***IN CAMERA* THE DECLARATION OF**
                                        )   **BETH LESTER AND EXHIBIT Z IN**
20                                       )   **SUPPORT OF THE NON-PARTIES'**
                                        )   **OPPOSITION TO ORACLE'S MOTION TO**
21                                       )   **COMPEL SETH RAVIN TO ANSWER**
                                        )   **DEPOSITION QUESTIONS AND TO**
22                                       )   **COMPEL RIMINI STREET TO PRODUCE**
                                        )   **DOCUMENTS**
23                                       )
                                        )   Hrg Date:   October 6, 2009, 9:30 a.m.
24                                       )   Before:     Honorable George W. Foley, Jr.
                                        )   Courtroom: 3A
25 _____)

26

27

28

Pursuant to Local Rules 10-5 and 9018, Non-Party Seth Ravin ("Ravin") and Non-Party Rimini Street, Inc. ("Rimini Street") (together, the "Non-Parties") respectfully submit this Motion for Permission to File Under Seal and *In Camera* the Declaration of Beth Lester and Exhibit Z in support of the Non-Parties' Opposition ("Opposition") to the Motion to Compel ("Motion") filed by Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle").

This motion is brought on the grounds that the parties in the Northern District of California case underlying this Motion have entered into a Stipulated Protective Order (attached to this cover caption as Exhibit A) governing discovery in the underlying litigation.  The Non-Parties have signed on to that Stipulated Protective Order.  The Opposition includes and relies upon references to protected testimony and statements that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The enclosed exhibit also includes testimony designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order.

For the foregoing reasons, the Non-Parties respectfully request the Court's permission to file under seal and *in camera* the Declaration of Beth Lester and Exhibit Z in support of the Opposition.

Dated:  September 17, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/  Michael B. Levin
   MICHAEL B. LEVIN

Attorneys for Non-Parties
RIMINI STREET, INC. AND SETH RAVIN

1    AARON D. FORD, Esq. NSBN 7704
     SNELL & WILMER LLP
2    3883 Howard Hughes Parkway, Suite 1100
     Las Vegas, Nevada 89169
3    Telephone:  (702) 784-5265
     Facsimile:   (702) 784-5252
4    Email: aford@swlaw.com

5    JONATHAN M. JACOBSON, Esq. (admitted *pro hac vice*)
     MICHAEL B. LEVIN, Esq. (admitted *pro hac vice*)
6    WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation
7    650 Page Mill Road
     Palo Alto, CA 94304-1050
8    Telephone:  (650) 493-9300
     Facsimile:   (650) 565-5100
9    Email: jjacobson@wsgr.com; mlevin@wsgr.com

10    Attorneys for Non-Parties
     SETH RAVIN AND RIMINI STREET INC.

11

12            UNITED STATES DISTRICT COURT

13              DISTRICT OF NEVADA

14

| | |
|---|---|
| ORACLE USA, INC, a Colorado Corporation, *et. al.*,      ) | CASE NO.: 2:09-CV-01591 KJD (GWF) |
|           Plaintiffs,      ) | |
| vs.      ) | |
| SAP AG, a German corporation, *et. al.*,      ) | |
|           Defendants.      ) | |

15
16
17
18
19
20

21

22               **CERTIFICATE OF SERVICE**

23         I am an employee at Wilson Sonsini Goodrich & Rosati.  I certify that I served a copy of

the foregoing on the 17th day of September 2009 via electronic service through the United States

24 District Court for the District of Nevada's ECF System upon each party in the case who is

25 registered as an electronic case filing user with the Clerk.

26                 /s/  Michael B. Levin

27

28

# Exhibit A

1   BINGHAM McCUTCHEN LLP
    CHRISTOPHER B. HOCKETT (SBN 121539)
2   GEOFFREY M. HOWARD (SBN 157468)
    ZACHARY J. ALINDER (SBN 209009)
3   BREE HANN (SBN 215695)
    Three Embarcadero Center
4   San Francisco, CA 94111-4067
    Telephone: (415) 393-2000
5   Facsimile: (415) 393-2286
    chris.hockett@bingham.com
6   geoff.howard@bingham.com
    zachary.alinder@bingham.com
7   bree.hann@bingham.com

8   DORIAN DALEY (SBN 129049)
9   JEFFREY S. ROSS (SBN 138172)
    500 Oracle Parkway
10  M/S 5op7
    Redwood City, CA 94070
11  Telephone: (650) 506-4846
    Facsimile: (650) 506-7114
12  dorian.daley@oracle.com
13  jeff.ross@oracle.com

14  Attorneys for Plaintiffs
    Oracle Corporation, Oracle USA, Inc.,
15  and Oracle International Corporation

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19

20  ORACLE CORPORATION, a Delaware          Case No. 07-CV-1658 (MJJ)
    corporation, ORACLE USA, INC., a Colorado
21  corporation, and ORACLE INTERNATIONAL   [PROPOSED] STIPULATED
    CORPORATION, a California corporation,   PROTECTIVE ORDER
22                  Plaintiffs,
23          v.
24  SAP AG, a German corporation, SAP
    AMERICA, INC., a Delaware corporation,
25  TOMORROWNOW, INC., a Texas corporation,
    and DOES 1-50, inclusive,
26              Defendants.
27

28
                                            Case No. 07-CV-1658 (MJJ)

1        Disclosure and discovery activity in the above-captioned action (the "Action") are

2   likely to involve production of confidential, proprietary, or private information for which special

3   protection from public disclosure and from use for any purpose other than prosecuting this

4   litigation would be warranted. Accordingly, plaintiffs Oracle Corporation, Oracle USA, Inc.,

5   and Oracle International Corporation (collectively "Oracle") and defendants SAP AG, SAP

6   America, Inc., and TomorrowNow, Inc. (collectively "SAP") hereby stipulate to and petition the

7   Court to enter the following Stipulated Protective Order ("Protective Order"). The parties

8   acknowledge that this Protective Order does not confer blanket protections on all disclosures or

9   responses to discovery and that the protection it affords extends only to the limited information

10   or items that are entitled under the applicable legal principles to treatment as confidential. The

11   parties further acknowledge that this Protective Order creates no entitlement to file confidential

12   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

13   and reflects the standards that will be applied when a party seeks permission from the court to

14   file material under seal.

15        It is hereby ordered that the terms and conditions of this Protective Order shall govern the

16   handling of documents, answers to interrogatories, depositions, pleadings, exhibits, computer

17   readable data storage media and all other information exchanged by the parties in this action, or

18   provided by or obtained from non-parties in this action (the "Discovery Material").

19        It is hereby ORDERED as follows:

20        1.    This Protective Order shall be applicable to and govern all depositions,

21   documents, information or things produced by a party or third party in connection with this

22   litigation in response to requests for production of documents, requests for inspections of things,

23   answers to interrogatories, responses to requests for admissions, answers to deposition questions

24   and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as

25   testimony adduced at trial, matters in evidence, and other information that the Disclosing Party

26   designates as "Confidential Information" or "Highly Confidential Information -- Attorneys' Eyes

27   Only."

28        2.    Any non-party to this Action may designate any Discovery Material produced by

STIPULATED PROTECTIVE ORDER

1    it, whether pursuant to subpoena or by agreement, as "Confidential Information" or "Highly

2    Confidential Information - Attorneys' Eyes Only" pursuant to the terms of this Protective Order,

3    upon such non-party's execution of a Declaration of Compliance with this Protective Order

4    substantially in the form attached to this Protective Order as Exhibit A.  A Party (or, if

5    applicable, non-party) designating Discovery Material as "Confidential Information" or "Highly

6    Confidential Information - Attorneys' Eyes Only" shall be referred to for purposes of this

7    Protective Order as the "Designating Party."  Any Party (or, if applicable, non-party) receiving

8    Discovery Material designated as "Confidential Information" or "Highly Confidential

9    Information - Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as

10    the "Receiving Party."  Counsel for any Designating Party may designate any Discovery

11    Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes

12    Only" under the terms of this Protective Order only if such counsel in good faith believes that

13    such Discovery Material contains such information and is subject to protection under Federal

14    Rule of Civil Procedure 26(c).  The designation by any Designating Party of any Discovery

15    Material as "Confidential Information" or "Highly Confidential Information- Attorneys' Eyes

16    Only" shall constitute a representation that such Discovery Material has been reviewed by an

17    attorney for the Designating Party, and that there is a valid basis for such designation.

18          3.      For purposes of this Protective Order, "Confidential Information" shall include all

19    non-public information or matter related to:  financial or business plans or projections;

20    acquisition offers or expressions of interest; proposed strategic transactions or other business

21    combinations; compensation plans; proprietary technical information and specifications; current

22    or future business and marketing information, plans, and strategies; studies or analyses by

23    internal or outside experts; customer information, data or lists; confidential financial data or

24    results; tax data; confidential information regarding assets and liabilities; valuation analyses;

25    competitive analyses; confidential personnel information; personal financial information;

26    personal information subject to protection under California law; or other commercially or

27    personally sensitive or proprietary information.  Notwithstanding the foregoing, Confidential

28    Information shall not mean information or documents produced or disclosed that are or become,

2

1   without violating this Protective Order, and apart from production or disclosure in connection

2   with this action, a matter of public record or publicly available by law or otherwise.

3        4.     For purposes of this Protective Order, "Highly Confidential Information" shall

4   include only extremely sensitive, highly confidential, non-public information, consisting either

5   of trade secrets or other highly confidential documents related to current or future business plans

6   or strategies, the disclosure of which to the receiving Parties or non-parties (other than the

7   Designating Party) would be likely to cause competitive or business injury to the Designating

8   Party (other than injury to the Designating Party's position in this Action).  Highly Confidential

9   Information shall be designated as "Highly Confidential Information – Attorneys' Eyes Only"

10  and the use and disclosure of such information shall be restricted as set forth below.

11  Notwithstanding the foregoing, Highly Confidential Information shall not mean information or

12  documents produced or disclosed that are or become, without violating this Protective Order, and

13  apart from production or disclosure in connection with this action, a matter of public record or

14  publicly available by law or otherwise.

15       5.     Any Discovery Material designated as "Confidential Information" or "Highly

16  Confidential Information - Attorneys' Eyes Only," whether such information is provided orally

17  or by a document or in electronic form, shall be maintained as set forth in the Protective Order,

18  and shall not be disclosed to any person or entity, except as set forth in the Protective Order.

19       6.     All Discovery Material, whether or not filed or lodged with the Court, that a

20  Designating Party contends constitutes "Confidential Information" or "Highly Confidential

21  Information - Attorneys' Eyes Only" shall be designated by the Designating Party as follows:

22            a.     Documents or other tangible Discovery Material shall, at the time of their

23  production, be designated by stamping or labeling the same with the legend "Confidential

24  Information" or "Highly Confidential Information - Attorneys' Eyes Only" on each page

25  containing such information.

26            b.     Documents or other tangible Discovery Material produced by a non-party

27  to this Action shall be so designated by the Designating Party by providing written notice, as

28  soon as reasonably practicable, to counsel of record for the Parties (and to counsel of record, if

Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1   any, for the non-party who produced such Documents or other tangible Discovery Material) of

2   the Bates numbers or number range or other sufficiently definite description of the documents to

3   be designated as "Confidential Information" or "Highly Confidential Information - Attorneys'

4   Eyes Only." Counsel shall not permit documents or materials produced by a non-party to be

5   distributed to persons beyond those specified in Paragraph 9 or 10 below until they have been

6   designated in accordance with this Paragraph.

7          c.    Deposition testimony shall be designated "Confidential Information" or

8   "Highly Confidential Information - Attorneys' Eyes Only" (i) at the taking of the deposition by a

9   statement on the record, by counsel at the time of such disclosure, or (ii) by written notice sent to

10   counsel of record for all Parties within three (3) business days after receiving a copy of the final,

11   hard copy transcript thereof, identifying the specific pages thereof designated as "Confidential

12   Information" or "Highly Confidential Information - Attorneys' Eyes Only." In both of the

13   foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential

14   Information" or "Highly Confidential Information - Attorneys' Eyes Only" be affixed to the

15   portions of the original and all copies of the transcript. Counsel shall not permit deposition

16   transcripts to be distributed to persons beyond those specified in Paragraphs 9 or 10 below until

17   the relevant period for the designation has expired. The Parties may modify this procedure for

18   any particular deposition through agreement on the record at such depositions without further

19   order of the Court.

20          d.    Non-documentary and non-testimonial material, such as oral statements,

21   shall be so designated orally at the time of disclosure and promptly confirmed in writing.

22          7.    Inadvertent failure to designate Discovery Material as "Confidential Information"

23   or "Highly Confidential Information - Attorneys' Eyes Only" shall not constitute a waiver of

24   such claim and may be corrected by prompt supplemental written notice designating such

25   Discovery Material as "Confidential Information" or "Highly Confidential Information -

26   Attorneys' Eyes Only" in a manner consistent with Paragraph 6. The Party receiving such

27   supplemental written notice shall thereafter mark and treat materials so designated as

28   "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" as the

Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1    case may be, and such materials shall be fully subject to this Protective Order as if they had been

2    initially so designated.  A person disclosing Discovery Material that is subsequently designated

3    as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall

4    in good faith assist the Designating Party in retrieving such Discovery Material from all

5    recipients not entitled to receive such Discovery Material under the terms of this Protective

6    Order and prevent further disclosures except as authorized under the terms of this Protective

7    Order.

8          8.     Except as the Designating Party or its counsel may otherwise agree in writing, or

9    as the Court may otherwise order, all Discovery Material marked or otherwise identified as

10   "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" and

11   received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to

12   such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for

13   the purposes of preparation for trial, trial of and/or appeal from this Action and no other; and

14   (c) shall not be used by the Receiving Party for any other purposes, including, without limitation,

15   any business or commercial purpose.  The foregoing prohibitions on the use of Confidential

16   Information and Highly Confidential Information shall survive the termination of this Action.

17         9.     Counsel for a Receiving Party may disclose or make available any Discovery

18   Material designated as "Confidential Information" and/or any information derived from such

19   Discovery Material only to the following persons:

20              a.    Counsel to the Parties in this Action (outside counsel, of counsel, and in-

21   house counsel, including members of the outside counsel firms, associate attorneys, contract

22   attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and

23   consultants and vendors of such Counsel to the Parties (including trial consultants, jury

24   consultants, and service vendors such as outside copying services, outside litigation support

25   services, translations services or graphics, design, or document handling services/consultants

26   retained in connection with this Action for purposes of preparing demonstrative or other exhibits

27   for deposition, trial, or other court proceedings) ("Consultants and Vendors"), provided that no

28   Discovery Material designated as "Confidential Information" shall be disclosed to any temporary

1  employees of Counsel to the Parties unless and until such person has executed a Declaration of

2  Compliance substantially in the form attached to this Protective Order as Exhibit A;

3          b.     The Parties and directors or employees of the Parties assisting counsel for

4  the purposes of this Action;

5          c.     Witnesses or deponents (other than witnesses and deponents otherwise

6  covered by (b) above), and their counsel, during the course of and, only to the extent necessary,

7  in preparation for depositions or testimony in this Action;

8          d.     Retained experts and expert consultants assisting counsel for the Parties in

9  this Action, and only to the extent necessary for the expert or expert consultant to prepare a

10 written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this

11 Action, subject to the provisions of Paragraph 12 below;

12         e.     The Court and its staff and administrative personnel, and Court reporters,

13 videographers and stenographers employed to take depositions, and any essential personnel

14 retained by the Court; and

15         f.     Any other person only upon order of the Court or upon stipulation of the

16 Designating Party.

17     10.     Counsel for a Receiving Party may disclose or make available any Discovery

18 Material designated as "Highly Confidential Information – Attorneys' Eyes Only" and/or any

19 information derived from such Discovery Material only to the following persons:

20         a.     Counsel to the Parties in this Action (outside counsel and of counsel

21 including members of the outside counsel firms, associate attorneys, contract attorneys,

22 paralegals, secretarial staff, clerical and other regular or temporary employees), and Consultants

23 and Vendors of such Counsel to the Parties, provided that no Discovery Material designated as

24 "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any temporary

25 employees of Counsel to the Parties unless and until such person has executed a Declaration of

26 Compliance substantially in the form attached to this Protective Order as Exhibit A;

27         b.     From each of Oracle and SAP, three in-house counsel who are employed

28 by the legal department for a Party and who are acting as legal counsel in connection with this

1    Action, as well as the designated in-house counsels' necessary secretarial, clerical, administrative

2    or support staff, provided that the designated in-house counsel, secretarial, clerical,

3    administrative or support staff are not involved in competitive decision-making for the Party

4    (*i.e.*, development, marketing or pricing decisions) as to the subjects of the information

5    designated as "Highly Confidential Information – Attorneys' Eyes Only." Oracle designates

6    Dorian Daley and Jeff Ross for this access, and SAP designates John P. Hickey and Kevin R.

7    Hamel. Both parties reserve the right to challenge access to these in-house counsel designees

8    based on later-acquired information. Either party may name a third in-house counsel pursuant to

9    this paragraph by proposing an amendment to this Protective Order. Consent to such proposed

10   amendment will be deemed given by the other parties if objection is not made within seven

11   business days. In the event that any in-house attorney designated by a Party under this

12   subparagraph should leave the employ of either Oracle or SAP, as applicable, a replacement in-

13   house attorney may be named by the relevant Party, subject to the restrictions of this

14   subparagraph;

15              c.       Witnesses or deponents and their counsel, during the course of and, only

16   to the extent necessary, in preparation for depositions or testimony in this Action provided that

17   the witness or deponent shall execute a Declaration of Compliance substantially in the form

18   attached to this Protective Order as Exhibit A acknowledging that the deponent will treat

19   documents designated "Highly Confidential Information – Attorneys Eyes Only" in accordance

20   with the Protective Order and that the deponent agrees to be bound by the terms of this

21   Protective Order;

22              d.       Retained experts and expert consultants assisting counsel for the Parties in

23   this Action, and only to the extent necessary for the expert or expert consultant to prepare a

24   written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this

25   Action, subject to the provisions of Paragraph 12 below;

26              e.       The Court and its staff and administrative personnel, and Court reporters,

27   videographers and stenographers employed to take depositions, and any essential personnel

28   retained by the Court; and

1          f.        Any other person only upon order of the Court or upon stipulation of the

2 Designating Party.

3        11.       Counsel for any Party to this litigation or counsel for the witness may exclude

4 from the room during any deposition any person who is not entitled under the provisions of

5 Paragraph 9 or 10 to receive or review "Confidential Information" or "Highly Confidential

6 Information - Attorneys Eyes' Only" Discovery Material. No witness may be shown or

7 examined on any "Confidential Information" or "Highly Confidential Information - Attorneys'

8 Eyes Only" Discovery Material unless they are entitled to receive or review such material under

9 the provisions of Paragraph 9 or 10, or unless otherwise agreed by counsel for all of the Parties.

10 In the event that counsel for all of the Parties agree that the witness may be shown or examined

11 on any such "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes

12 Only" Discovery Materials, the witness must first be advised of the confidential nature of the

13 Discovery Material, and be informed and agree on the record that any unauthorized disclosure

14 of the information contained in the Discovery Material may constitute a contempt of this Court.

15 Any party wishing to use documents of an opposing party designated either "Confidential

16 Information" or "Highly Confidential Information – Attorneys Eyes Only" at the deposition of

17 a third-party witness must give the opposing party at least 48 hours written notice. The written

18 notice must provide (i) a list of the documents by Bates number that the requesting party wishes

19 to use in the third-party deposition; and (ii) a complete copy set of the documents that are to be

20 shown to a third party deponent. The parties shall not attempt to use internal documents from

21 the other party that do not describe communications with a third party in an effort to inflame or

22 prejudice the testimony of the third party. The third-party deponent must execute a Declaration

23 of Compliance substantially in the form attached to this Protective Order as Exhibit A,

24 acknowledging that the deponent will treat documents designated "Confidential Information" or

25 "Highly Confidential Information – Attorneys Eyes Only" in accordance with the Protective

26 Order and that the third-party deponent agrees to be bound by the terms of this Protective

27 Order.

28        12.      "Confidential Information" or "Highly Confidential Information - Attorneys'

Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1    Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants

2    assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or

3    expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the

4    prosecution or defense of this Action, provided that such expert or expert consultant: (i) is not

5    currently, or has not in the past year from the date of this Protective Order, been a competitor of

6    the non-retaining Party, or a partner, director, officer, employee or other affiliate of such a

7    competitor; (ii) is using said "Confidential Information" or "Highly Confidential Information -

8    Attorneys' Eyes Only" Discovery Material solely in connection with this Action; and (iii) signs

9    a Declaration of Compliance in the form attached to this Protective Order as Exhibit A,

10    agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting

11    to the jurisdiction of the Court for enforcement of this Protective Order, and agreeing not to

12    disclose or use any "Confidential Information" or "Highly Confidential Information -

13    Attorneys' Eyes Only" Discovery Material in a manner or for purposes other than those

14    permitted by this Protective Order.  Counsel for the Party using the expert or expert consultant

15    shall be responsible for obtaining the signed undertaking and retaining the original, executed

16    copy.  At least five (5) working days prior to providing an expert or expert consultant with any

17    information that has been designated as "Confidential Information" or "Highly Confidential

18    Information - Attorneys' Eyes Only" by the other side, Counsel must first identify the expert in

19    writing to opposing counsel.  This written identification shall include a current resume or

20    curriculum vitae, and shall be served by electronic mail, in addition to, overnight mail.  Should

21    the opposing party object to the disclosure of its "Confidential Information" or "Highly

22    Confidential Information - Attorneys' Eyes Only," the parties shall meet and confer on that

23    objection to the designated expert or expert consultant within one business day of the written

24    identification being served on counsel.  If the meet and confer does not resolve the dispute, the

25    parties agree to an expedited resolution procedure with the Court.  The objecting party shall file

26    a letter brief of not more than three pages with the Court within two court days of the meet and

27    confer, and the other party shall file a responsive letter brief not more than three pages within

28    two court days of filing of the opening brief.  Both briefs shall be served by electronic mail, in

1 addition, to overnight mail. The Parties agree that Exhibit A shall not be filed with the Court,

2 and shall be deemed as "Confidential Information" within the meaning of this Protective Order.

3          No "Confidential Information" or "Highly Confidential Information - Attorneys'

4 Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants

5 unless and until such person has executed a Declaration of Compliance substantially in the form

6 attached to this Protective Order as Exhibit A, and such Declaration of Compliance has been

7 served on counsel for all parties.

8       13.     This Protective Order has no effect upon, and shall not apply to, the Parties' use

9 of their own Confidential Information or Highly Confidential Information for any purpose.

10 Nothing in this Protective Order shall:  (i) prevent a Designating Party from disclosing its own

11 "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

12 Discovery Material to officers, directors, employees, agents, or advisors, including investment

13 bankers and accountants, of the Designating Party; or (ii) impose any restrictions on the use or

14 disclosure by a Party of documents, materials, or information designated "Confidential

15 Information" or "Highly Confidential Information - Attorneys' Eyes Only" if such documents,

16 materials, or information was both lawfully obtained by and lawfully retained in the possession

17 of such Party independently of the discovery proceedings in this Action.

18       14.     Without written permission from the Designating Party or a court order secured

19 after appropriate notice to all interested persons, a Party or non-party may not file in the public

20 record in this action any "Confidential Information" or "Highly Confidential Information -

21 Attorneys' Eyes Only" Discovery Material. A Party or non-party that seeks to file under seal

22 any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

23 Discovery Material must comply with Civil Local Rule 79-5. The envelope containing

24 documents sought to be filed under seal must indicate that the documents are being filed

25 pursuant to this Protective Order and that the envelope shall not be opened absent further order

26 of the Court.

27       15.     The inadvertent production of any Discovery Material shall be without prejudice

28 to any claim that such Discovery Material is privileged or protected from discovery as work-

Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1 product or by reason of any other applicable privilege or immunity, including without limitation

2 the attorney-client privilege, and no Party or non-party shall be held to have waived any rights

3 by such inadvertent production. If the claim of inadvertent production is made pursuant to this

4 Paragraph with respect to information then in the custody of another Party or non-party, such

5 Party or non-party shall promptly return to the claiming Party or non-party that material as to

6 which the claim of inadvertent production has been made and all copies thereof, and the

7 receiving Party or non-party shall not use such information for any purpose other than in

8 connection with a motion to compel. The Party or non-party returning such material may then

9 move the Court for an order compelling production of the material.

10     16.    Unless a prompt challenge to a Designating Party's confidentiality designation is

11 necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later

12 significant disruption or delay of the litigation, a Receiving Party does not waive its right to

13 challenge a confidentiality designation by electing not to mount a challenge promptly after the

14 Designating Party discloses the designation.

15     a.    A Receiving Party that elects to initiate a challenge to a Designating

16 Party's confidentiality designation must do so in good faith and must begin the process by

17 conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

18 with counsel for the Designating Party. In conferring, the challenging Receiving Party must

19 explain the basis for its belief that the confidentiality designation was not proper and must give

20 the Designating Party an opportunity to review the designated material, to reconsider the

21 circumstances, and, if no change in designation is offered, to explain the basis for the chosen

22 designation. A challenging Receiving Party may proceed to the next stage of the challenge

23 process only if it first has engaged in this meet and confer process.

24     b.    A Receiving Party that elects to press a challenge to a confidentiality

25 designation after considering the justification offered by the Designating Party may file and

26 serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

27 applicable) that identifies the challenged material and sets forth in detail the basis for the

28 challenge. Each such motion must be accompanied by a competent declaration that affirms that

1   the movant has complied with the meet and confer requirements imposed in the preceding

2   subparagraph and that sets forth with specificity the justification for the confidentiality

3   designation that was given by the Designating Party in the meet and confer dialogue.

4           c.     The burden of proof in any such challenge proceeding shall be on the

5   Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the

6   material in question the level of protection to which it is entitled under the Designating Party's

7   designation.

8         17.     Entering into, agreeing to, producing, or receiving "Confidential Information" or

9   "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material pursuant to,

10   and/or otherwise complying with the terms of, this Protective Order, or the taking of any action

11   pursuant to this Protective Order shall not:

12           a.     Constitute or operate as an admission by any Designating or Receiving

13   Party that any particular document, material, testimony, or thing does or does not contain, reflect,

14   or constitute a trade secret or any other type of Confidential Information or Highly Confidential

15   Information;

16           b.     Prejudice in any way the rights of any Designating or Receiving Party to

17   object to the production of documents it considers not subject to discovery, or operate as an

18   admission by any Designating or Receiving Party that the restrictions and procedures set forth in

19   this Protective Order constitute adequate protection for any particular information deemed by

20   any Designating Party to be Confidential Information or Highly Confidential Information;

21           c.     Prejudice in any way the rights of any Designating or Receiving Party to

22   object to the relevancy, authenticity, or admissibility into evidence of any document, material,

23   testimony, or thing subject to this Protective Order, or otherwise constitute or operate as an

24   admission by any Designating or Receiving Party that any particular document, material,

25   testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition,

26   at trial, or in a hearing;

27           d.     Prejudice in any way the rights of a Designating or Receiving Party to

28   seek a determination by the Court whether any Discovery Material should be subject to the terms

Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1    of this Protective Order;

2              e.      Prejudice in any way the rights of a Designating Party to petition the Court

3    for a further protective order relating to any purportedly Confidential Information or Highly

4    Confidential Information; and/or

5              f.      Prevent the Parties to this Protective Order from agreeing, in writing, to

6    alter or waive the provisions or protections of this Protective Order with respect to any particular

7    Discovery Material.

8         18.     In the event additional persons or entities become Parties to this Action, none of

9    such Parties' counsel, experts or expert consultants retained to assist said counsel, shall have

10   access to Confidential Information or Highly Confidential Information produced by or obtained

11   from any Designating Party until said Party has executed and filed with the Court its agreement

12   to be fully bound by this Protective Order. No "Confidential Information" or "Highly

13   Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to such

14   Parties' counsel, experts or expert consultants unless and until such person has executed a

15   Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit

16   A, and such Declaration of Compliance has been served on counsel for all parties.

17        19.     It is the present intention of the Parties that the provisions of this Protective Order

18   shall govern discovery in this Action, but each of the Parties to this Protective Order shall be

19   entitled to seek modification of this Protective Order, or relief from it, by application to the Court

20   on notice to the other Parties here.

21        20.     The provisions of this Protective Order shall, absent written permission of the

22   Designating Party or further order of the Court, continue to be binding throughout and after the

23   conclusion of this Action, including without limitation any appeals in this Action. Within thirty

24   (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of

25   this Action in which "Confidential Information" or "Highly Confidential Information -

26   Attorneys' Eyes Only" Discovery Material is permitted to be used, including the exhaustion of

27   all permissible appeals, all persons and entities having received "Confidential Information" or

28   "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, shall either make

13

STIPULATED PROTECTIVE ORDER

1   a good faith effort to return such material and all copies thereof (including summaries and

2   excerpts) to counsel for the Designating Party or destroy all such "Confidential Information" or

3   "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material and copies

4   thereof (including summaries and excerpts) and certify that fact to counsel for the Designating

5   Party.  Outside counsel for the Parties shall be entitled to retain all filings, court papers,

6   deposition and trial transcripts, deposition and trial exhibits, and attorney work product

7   (regardless of whether such materials contain or reference Discovery Materials designated as

8   "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" by any

9   Designating Party), provided that such outside counsel, and employees and agents of such

10   outside counsel, shall not disclose any Confidential Information or Highly Confidential

11   Information contained or referenced in such materials to any person except pursuant to court

12   order or agreement with the Designating Party.  All materials, if any, returned to the Parties or

13   their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.  This

14   Court's jurisdiction to enforce the terms of this Protective Order shall end six (6) months after

15   final disposition of this Action, including without limitation any appeals in this Action.

16        21.   If any person receiving Discovery Material covered by this Protective Order (the

17   "Receiver") is:  (a) subpoenaed in or (b) served with a demand in another action to which he, she

18   or it is a party, or (c) served with any other legal process by one not a party to this Action

19   seeking Discovery Material that was produced or designated as "Confidential Information" or

20   "Highly Confidential Information - Attorneys' Eyes Only" by someone other than the Receiver,

21   the Receiver shall give actual written notice, by hand or facsimile transmission, within two (2)

22   business days of receipt of such subpoena, demand, or legal process, to the Designating Party.

23   The Receiver shall not produce any of the Designating Party's "Confidential Information" or

24   "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, until the

25   Designating Party gives notice to the Receiver that the Designating Party opposes production of

26   its "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

27   Discovery Material, and has had a reasonable opportunity to object to the production.  The

28   Designating Party shall be solely responsible for asserting any objection to the requested

Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1  production. Nothing in this Paragraph shall be construed as requiring the Receiver or anyone

2  else covered by this Protective Order to challenge or appeal any order requiring production of

3  "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

4  Discovery Material covered by this Protective Order, or to subject such person to any penalties

5  for non-compliance with any legal process or order, or to seek any relief from this or any Court.

6       22. Any Designating or Receiving Party seeking enforcement of this Protective Order

7  against any other Designating or Receiving Party may petition the Court by properly noticed

8  motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

9       23. Violation by any person of any term of this Protective Order shall be punishable

10  as a contempt of court. No provision of this Protective Order shall require any person,

11  corporation, or other entity not a Party to this Action to respond to any discovery request, except

12  as may otherwise be required by law.

13  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

14

15  DATED: May 15, 2007

16                           BINGHAM McCUTCHEN LLP

17                           By:

18                                Geoffrey M. Howard
                              Attorneys for Plaintiffs

19                      Oracle Corporation, Oracle International
                      Corporation, and Oracle USA, Inc.

20

21  DATED: May 14, 2007

22

23                           JONES DAY

23                           By:

24                              Tharan Gregory Lanier
                           Attorneys for Defendants

25                    SAP AG, SAP America, Inc., and
                      TomorrowNow, Inc.

26

27

28

                          15                         Case No. 07-CV-1658 (MJJ)

1    IT IS SO ORDERED:

2    DATED:_____6/6_____, 2007    By: _____

3                                              United States District Court Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-CV-1658 (MJJ)
STIPULATED PROTECTIVE ORDER

1

<u>EXHIBIT A</u>

2

<u>DECLARATION OF COMPLIANCE</u>

3

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for

4

the Northern District of California on _____ [date] in the case of *Oracle Corporation, et al. v. SAP AG, et al.* I agree to comply with and to be bound by all the terms of this Stipulated

5

Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

6

in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

7

8

I further agree to submit to the jurisdiction, of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

9

10

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number]

11

as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

12

13

Date: _____

14

City and State where sworn and signed: _____

15

Printed name: _____

16

[printed name]

17

Signature: _____

18

[signature]

19

20

21

22

23

24

25

26

27

28

DECLARATION OF COMPLIANCE